Good morning. May it please the court, I'm James Laughlin and I represent the appellant Joseph Proctor. With the court's permission, I'd like to reserve two minutes of my time for rebuttal. In this false tax return case, the probation office calculated the total tax loss by adding the federal taxes that Mr. Proctor would have owed based on an Ohio domicile to the state taxes he would have owed based on a California domicile. There's nothing in the pre-sentence report to suggest that the probation office understood that it was doing that, let alone that it had a good reason for doing something that was both illogical and legally improper. The probation officer simply misunderstood the record. Neither of the parties recognized this mistake, so that resulted in a two-level error in the offense level. Is there anything in this record that would tell us what the Ohio taxes would be, assuming an Ohio domicile? Nothing whatsoever, Your Honor. So therefore, even if, and I don't believe the Ohio taxes are proper to consider under any circumstances, there's nothing in Ohio to balance that against. So let me then ask you, if your position is that your client had a California domicile? Yes. There is information in the record about the California taxes? Yes. Both state and federal? Yes. Your position is based on the notion that your client, in effect, owes half the tax bill? No, not at all. Federal? No, not at all, Your Honor. The government says that, but as I pointed out in the reply brief, they misrepresented our position in the opening brief. The testimony by the IRS expert at trial was that Mr. Proctor individually would owe half of the tax bill. In both the opening and reply briefs, I did exactly what the government said should be done, is you assume that the total tax liability for guidelines purposes is double that, because Mr. Proctor owes half. Right. That's what I was just about to ask. Right. But there's still a difference, because you put the two halves of the California taxes together, that's about $294,000, which is still $25,000 less than the federal taxes calculated in Ohio, which is 319. Well, that's what I was having some difficulty with, so try to help me with that. The total federal tax loss, assuming two returns were filed, would be about 319. Am I correct about that? No. It would be 319 in Ohio, even if Mr. Proctor files his own individual tax return. Okay. Why wouldn't the federal loss be the same in California as it would have been in Ohio? Because of the community property rules. Okay. Now we're getting to the question I wanted to ask you. Right. Because the property is split between the two halves of the couple, and because the tax code is graduated so you don't pay any lower taxes on lower amounts of money, there's a tax benefit at the higher end. Okay. So the difference in calculation is based on the difference in the graduated rate? Correct. Okay. And did you take into account the deduction for state taxes? I'm going off of the calculations done by the IRS agent, and, no, they didn't take that into account. I interrupted. No, no, that's exactly the question I'm trying to get to. What I'm trying to get to is, assuming a California domicile, and assuming that contrary to the position taken, I think, at least below, Mr. Proctor, the tax loss caused by Mr. Proctor's crimes includes the taxes not paid by his spouse, do we have a number for California? Yes. The number from California, which I think the government and I agree on, are twice the figure that the IRS agent testified at trial was the figure for Proctor alone. So twice that figure is $294,000 and $4. And that, under your calculations, includes state tax loss? No. Then you add in the $83,000. And you're still below the $400,000 threshold? Yes. Okay. Thank you. The primary plain error in this case is the combination of federal taxes based on a domicile being in one state with state taxes based on there being a domicile simultaneously in a different state. The government doesn't even try to respond to that error and argue that that represents a kind of accurate determination of the tax loss that's required by the relevant guideline. And as we pointed out in the briefs, there's authority which says that's just simply wrong. First, there's Marshall and Granger, which talk about the fact that what the IRS is interested in is where were the taxpayers domiciled during the tax years at issue, you know, whether they were in a community property state at that time or not. The IRS's manual says the same thing. The IRS's manual also acknowledges that a person may only have one domicile at a time. So, therefore, if the non-community property rules of Ohio, they would only apply if Mr. and Mrs. Proctor were living in Ohio, domiciled in Ohio, during 2002 and 2003. But if that was the case, there would be no basis for saying that they owed any California taxes in 2002 and 2003. And as I said earlier, there's no evidence whatsoever of what the Ohio state taxes would have been for those years. So the assumption of those two assumptions are incompatible, and that results in plain error that alone requires resentencing. There's a second error that also requires resentencing, and that's the fact that it's undisputed that Mr. Proctor and Mrs. Proctor were living in California in 2002 and 2003. The Ohio address appears on the returns only because he was living temporarily in Ohio in 2005. The government doesn't dispute these facts. And as I said, under the relevant law in the IRS's own manual, the IRS understandably cares where the people were living during the tax years. They were in California as early as 1998, right? Correct. They've been living there for quite some time, but certainly during 2002 and 2003. And importantly, in 2001, apparently they were in California, and that's undisputed. Isn't that right? I believe so. At least the year before. Yes. And it would be like saying that my wife and I, if we moved to Ohio tomorrow, and then we filed our 2012 tax returns, we could somehow not have the benefit of the community property standards of the income we learned last year while we were in California. There's just no reason to say that the tax, the address on the application is the ‑‑ I'm sorry, on the return is the key fact. None of this was discussed at all in the trial court, apparently. No, Your Honor. Like I said, everything in the record suggests that this is just a simple, innocent mistake made by the probation office. I don't think ‑‑ The judge would have ‑‑ he would have just taken what the parties told him, I presume. Right. And the parties didn't address this either. This is just ‑‑ I really think this is the kind of mistake that the plain error standard is meant to correct. It was an error that nobody appreciated. They were putting these two very different things together, and now that we found it out, the proper remedy is to go back to resentencing so that it can be done correctly the first time. And you think there should be a two‑level reduction and go from there? Yes. I think that that should ‑‑ and as I said, the government has alternative theories that I don't think the court should reach for the first time on appeal, but if they want to try to present those theories, you know, that's the place to do it. It's not ‑‑ here is not the place to ask this court to make factual findings in the first instance, complicated factual findings, which would be the only way to uphold the sentence and Mr. ‑‑ and the guidelines calculations that Mr. Proctor currently has. Your Honor, is there some time? Yes. Thank you very much. Thank you. Good morning, Your Honors. May it please the court, my name is Jill Feeney for the government. There was no error in this case, much less a plain error, because the tax loss number used by the court was actually correct. There is no dispute that the California numbers were, in fact, correct. Defendant does not dispute that, meaning the California state tax numbers. That was one component of the tax loss. The second component of the tax loss in this case was the federal tax loss. And there was no error in calculating the federal tax loss in this case based on the returns that defendant actually filed. He filed returns with an Ohio address, and there is nothing wrong or illogical about calculating tax based on the choices defendant made when he filed his tax returns. And that is the proposition that the YIF case stands for, Your Honors. How can he be domiciled for state tax purposes in California and in Ohio for federal tax purposes? Because, Your Honor, the issue is there's no debate that he was domiciled in California. However, Your Honor, when you file a fraudulent tax return, I believe YIF stands for this proposition, you don't get to go back as if you had filed correctly in the first place and as if you had filed a non-fraudulent return. The defendant filed a return. He did not report the income. He did not split the income. He filed with an Ohio address. And there is nothing plainly wrong or obvious about calculating the federal tax loss based on the returns the defendant actually filed. And, in fact, that's what was done in the YIF case. So your position is had he filed an accurate return from Ohio, he would have owed, the tax loss would have been $300 and something. $319. Approximately. But because he was domiciled in California, we look at the California state tax loss to figure out the total tax loss in the case. That's your position? Well, he was domiciled in California and he didn't file any returns. No, I understand. We understand that he committed crimes. That's easy. The question in my mind is your position is the Ohio residents, if you will, the Ohio residents on the federal tax return, controls for purposes of total federal tax loss, but California tax laws control for purposes of total state tax loss. Is that your position? That's my position, Your Honor, because that's the choices the defendant made with respect to his taxes. He didn't file any in California. He was living in California. He didn't file state taxes. That's what makes sense to apply. Let me just ask if you agree with statistical propositions in this case, just so that I know what's at stake. If California were to govern with respect to federal tax loss, would we be below the $400,000? No, Your Honor, and that's the second part of the argument. Even if federal taxes were calculated based on a California domicile, the community property rules would not have applied in this case, and his federal tax obligation would have been the same. And, you know, I just want to point out something that might not have been clear. The trial testimony of a revenue agent who testified at trial about different taxes is a red herring because it was not dispositive on this issue of community property. Community property and whether the income should be treated like that was not an issue at trial. And it was not brought up in sentencing either. That's a matter of law, though. Pardon me? It's a matter of law. Right, but what I'm saying is the defendant says, well, there was testimony on this at trial. However, there was no issue coming in at trial about the funds being swindled, and that's the main reason why they are not community property. Right, but the district court didn't make any findings on that. Correct. So how can we make those findings on appeal? Your Honor, because I think the district court did make findings that the funds were, in fact, from fraud. Right, but if you're trying to calculate the proper tax loss, you'd have to first decide whether or not the community property rules applied. And then also, under your theory that all of it's attributable to him because of the fraud, you'd still have to consider whether or not she's entitled to innocent spouse tax relief for her portion of the taxes as well. I mean, all I'm saying is not to argue or determine those issues, but isn't that something? All those issues, shouldn't they be determined by the district court in the first instance? Just briefly, Your Honor, first of all, they're two separate issues. If the funds, which the district court did find, were from fraud, they are not community property, period. They're attributable to the person who stole them. And you don't even have to get to the innocent spouse. The innocent spouse is a separate reason why it would not be considered community property. But I think, Your Honor, it points to the fact that it was not clear, plain, or obvious to the district court that the defendant was entitled to community property treatment, which is what he claims, for the swindle funds. I think that gets to the whole point that this is a plain error analysis, Your Honor. And the district court, certainly there was nothing plain and obvious that it should have popped out to the district court in terms of there being an error here. Would you agree that if the community property rules applied to this case, and if his domicile is California, that he's under the $300,000? If there was a decision that it was community property, and therefore it should have been split, that's correct, Your Honor. Okay. But as I said, Your Honor, this is a plain error analysis, and the issue is should have this been something that a competent district court judge should have known without benefit of objection? Yeah, and I recognize we're here on plain error because Mr. Proctor never objected below. But it does strike me that the easiest way to sort this out, your arguments make a lot of sense to me, is to say to the district judge, what did you intend here? Perhaps you intended to use California for domicile on one and Ohio for domicile on the other, and perhaps that's correct. But if that's what you wanted to do, let us review that. And if not, maybe your other theories work, and Mr. Proctor, who clearly has committed a bunch of crimes, will get his enhancement. But I'm a little concerned about us sitting here jotting down stuff on yellow paper and trying to add up the numbers for the first time when the district judge never really had that chance. The district judge may not have made a mistake, but really didn't know everybody's theory of this when imposing the sentence. Why not just send it back there, have the district judge do what district judges do, and I'm sure it'll be correct. Well, I guess, Your Honor, this goes back to the whole idea of plain error review, because I think that could happen in many cases where defendants don't object to anything, and everything could end up going back to the district court. So it's really the way to look at it. That's why we have plain error review, to take care of those circumstances. But it needs to be something that really should have been plain and obvious to the district court at the time he was sentenced. I'm just trying to figure out as a practical matter here, and I understand that you've been put in this position because counsel on the other side below didn't raise the issue. But as a practical matter, Mr. Proctor's going to prison. We're just trying to figure out how long. That's true. And so nothing really happens. The government's not going to be prejudiced in any way if it goes back to the trial judge and the judge says, all right, now I hear your theory, and I buy it or I don't. Your Honor, yes, I understand. But the issue is this could happen in many other cases. You would never want to give defendants an incentive to sit on their hands, and I just think as you're looking at it from the district court's perspective, there is no way that this error could have been plain and obvious to the district court. And I would like to point out on the… I just don't see how you can mix and match domiciles and say that's not a plain error. I mean, it's obvious on this record the tax loss is wrong, one way or the other, don't you think? No, I totally disagree with you, Your Honor. I mean, if he's truly domiciled in California, then arguably community property applies, and arguably there's a different number. But even if you throw out community property, it's a different calculation. And we don't know what the state taxes are in Ohio, so we don't know at all what the numbers are for that. Well, Ohio state taxes or not would never come into play, Your Honor, here, as far as the government's concerned. And the California federal taxes, the only reason there is a difference is if you apply community property. So we do know what the California tax calculation would be without community property consideration. It would be the same as the one in Ohio, $319,000. And if I could just point out one thing, you know, the court did find that the money here was taken by fraud, and the defendant did not appeal that ruling here before your honors. I mean, that was established below. But the court didn't take the additional step that you want us to take to say that the fraud absolutely then vitiates any claim of community property. That certainly wasn't, no. I can say, obviously, that the issue didn't come up, Your Honor. But I think, as I said, going back to the Yip case, that there's nothing illogical or wrong about calculating federal tax laws based on the returns the defendant actually chose to file. I mean, in Yip, the court, he asked for... So let's say you filed a return in Ohio saying you only owed $1 federal taxes. Would the government feel that it was bound by that? Well, you take everything that... You would argue that we have to get the accurate tax laws, right? But the accurate tax laws is based on taking the return, and this is what the Yip case says, as you find it, adding in the missing income, Your Honor. But you don't go back and say, oh, and I could have had it, as if you could if you were a taxpayer and you had originally filed a return. You can't go back and say, oh, I should have gotten this deduction, I should have gotten that deduction, which are legitimate deductions. But that's a complicated process and not one that the courts have wanted to go into and not one that the courts have ruled that defendants are entitled to. Our questions are taking over time. Are there any further questions? Well, I think we've accomplished a couple of things, and both sides have indicated that the domicile is California, so we don't have to worry about that anymore, that the money involved was obtained by fraud, so we don't have to worry about that anymore. We have to decide whether or not... Someone has to decide whether or not community property laws apply, if in California, and if they do, what the tax loss would be, or if they don't, what the tax loss would be. So it's a pretty simple analysis from here on out. You just have to plug in the figures. True? Well, Your Honor, it would be the government's position that no one should have to figure out what the community property... that it's not plain error, that there doesn't have to be an analysis, and the fact that there is no way obvious or plain to the district court that this is the way it should have been done. And there is ample evidence in the record to conclude that this was, in fact, not entitled to community property treatment. Thank you, counsel. Thank you. Rebuttal? First, I'd like to address Judge Weisslein's last comment. I agree with Your Honor up to a point, with the point being that I think that's something that the district court... Okay. Where are you disagreeing? Number one, everyone agrees to Delma, South California. Correct. Everyone agrees that the money was obtained fraudulently. There's a factual finding that part of the money was obtained fraudulently. Okay. So not everyone agrees on that, then. Okay. That's one of the factual issues left open, which is the extent. The only finding by the district court was that more than $10,000 was... That's right. So at least $10,000 was obtained fraudulently. That's the record before us. That's right. So let me ask you a question based on the government's argument. The government may well be right that the two-level enhancement applies here anyway. I mean, what we're doing here is arguing about how to get there or not to get there. If the government is right, if I could figure out a way that the district court would have been correct in applying the two-level enhancement, can I find plain error? Yes. I mean, I understand the district court may not have arrived there the right way, but the government's argument is there's evidence of fraud here. The judge could have determined that there was fraud here. Therefore, the federal tax number is the same in Ohio and in California, and the Californian tax, when added to it, gets us over the $400,000 threshold. That's not clearly wrong. So how can I find that the district judge committed plain error if there is a way to get to where he got? A couple of things, Your Honor. First, I think that the court has to consider the plain error in the calculations the district court actually made. And as we've discussed, I mean, those are pretty clearly wrong, the combining of Ohio figures and California figures. The government has conceded if there's a plain error in the calculations actually made, they've conceded prongs three and four of the plain error standard. To the extent Your Honor's asking whether or not ---- Whether there was an error, I guess, is my question. But, I mean, I guess I think there was an error. I think what Your Honor may be asking is whether or not it affected substantial rights if the results would have been the same anyway. The government has conceded that point. But in any event, I think the key point is those issues are so factual dependence, it's just something this court can't do. And I'd like to point out to the case that the government relies on, the tax court case of Barrenbine. That's one of the cases they rely on for their fraud theory. And that's a very thick case done by a trial court, judge and state court that made detailed factual findings about the exact kind of schemate issue and the finances between the husband and wife. Because even community property that may have been obtained illegally, if it was commingled and used by the spouse, potentially doesn't remain or gets converted into community property. It's a very complicated issue as that case demonstrates. And I don't think it's something that this court can do on this record. Any further questions? Thank you both for your argument. Thank you, Your Honor. The case just argued will be submitted for decision.
judges: Beistline, Thomas, Hurwitz